UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| A.R.T. FURNITURE, INC., § § § Plaintiff, § § v. § § DAVIS FURNITURE INDUSTRIES, INC. § § Defendant. § § § § | Civil Action No: 1:18-cv-865 **COMPLAINT AND DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff A.R.T. Furniture, Inc. ("Plaintiff"), by and through the undersigned counsel, and complains against Defendant Davis Furniture Industries, Inc., d/b/a Davis International d/b/a Davis Direct and d/b/a Davis Home as follows:

## THE PARTIES

1. Plaintiff is a North Carolina corporation, with its principal place of business in High Point, North Carolina. Plaintiff designs and sells high quality furniture throughout the United States.

2. Defendant Davis Furniture Industries, Inc., d/b/a Davis International d/b/a Davis Direct d/b/a Davis Home, is a Mississippi corporation with a business address of P.O. Box 7366, Tupelo, Mississippi 38802, and can be served through its registered agent, Albert Delgadillo, at 105 South Front Street, P.O. Box 7120, Tupelo, Mississippi 38802. Upon information and belief, Defendant manufactures, imports, distributes, offers for sale, and sells various types of furniture and furniture accessories in the United States including in the State of Mississippi and this District.

1

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this action arises under the laws of the United States, including the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Copyright Act, 17 U.S.C. § 101 *et seq*.

4. This Court has personal jurisdiction over Defendant, because among other reasons, Defendant sells the Infringing Products (as described herein) to the consuming public through retailers in North Carolina, and at least one set of Defendant's Infringing Products have been purchased on the open market in the State of North Carolina and this judicial district. Upon information and belief, Defendant has regular, continuous, and systematic contacts with the State of North Carolina and this judicial district, and Defendant conducts regular, continuous, and systematic business in the State of North Carolina and this judicial district, by owning and/or leasing, occupying, maintaining and using commercial showroom space in High Point, NC, by regularly attending and exhibiting products at the High Point Furniture Market twice each calendar year, and by regularly transacting business with buyers and prospective buyers in the State of North Carolina. Defendants are listed as a planned exhibitor for the October 2018 High Point Furniture Market with exhibition space at 449 South Wrenn St., High Point, NC 27260. Upon information and belief, Defendant has and regularly maintains their corporate showrooms space in the State of North Carolina and this judicial district, the wrongful acts alleged herein occurred in the State of North Carolina and this judicial district, and the harm to Plaintiff arose in the State of North Carolina and this judicial district. Accordingly, this Court has general and specific jurisdiction over Defendant for all purposes of this Complaint.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), 1391(c), and/or 1400.

# FACTUAL BACKGROUND

A. **PLAINTIFF'S ARCH. SALVAGE™ COLLECTION**

6. Plaintiff is a market-leading producer of high-quality furniture items, including the highly successful A.R.T. Furniture® brand and the ARCH. SALVAGE™ Collection, among others. As a result of its long-standing commitment to the quality, safety, and aesthetically-pleasing design, Plaintiff, its A.R.T. Furniture® brand and ARCH. SALVAGE™ Collection are widely recognized among consumers of furniture, the furniture industry, and furniture design communities.

7. Beginning on or about 2016, Plaintiff created and developed a collection of custom and original furniture designs featuring distinctive design configurations, including original sculptural works and arrangements thereof applied to the surface of the furniture pieces, which was marketed and sold under the ARCH. SALVAGE name (the "ARCH. SALVAGE™ Collection").

8. Plaintiff's ARCH. SALVAGE™ Collection includes certain original and creative works of authorship, namely three-dimensional sculptural works of art and compilations and arrangements thereof, which are applied as ornamentation in a decorative fashion to the frames of Plaintiff's ARCH. SALVAGE Collection. These sculptural works were developed exclusively for Plaintiff's ARCH. SALVAGE™ Collection and are owned by Plaintiff.

9. Plaintiff's ARCH. SALVAGE™ Collection also includes original two-dimensional artwork in the form of a series of scrollwork designs, which are applied in bas relief on numerous signature pieces in the ARCH. SALVAGE™ Collection.

10. The distinctive use and placement of scrollwork designs on the face of dressers, buffets, and other storage pieces, as well as on chairs and tables, creates a consistent and

3

distinctive appearance throughout the ARCH. SALVAGE™ Collection. Consumers look for and recognize the distinctive look of the ARCH. SALVAGE™ Collection as belonging exclusively to Plaintiff.

11. Since first offering Plaintiff's ARCH. SALVAGE™ Collection, Plaintiff has prominently displayed the design configuration and original sculptural works applied thereto in connection with advertising Plaintiff's websites, in print advertising, on hang-tags and placards, in retail stores, and at trade shows throughout the United States.

12. Photographic examples of Plaintiff's ARCH. SALVAGE™ Collection are set forth below:



13. The look and feel of Plaintiff's ARCH. SALVAGE™ Collection has become known in the industry and among the consuming public as an identifying aspect of Plaintiff's furniture.

14. Plaintiff's ARCH. SALVAGE™ Collection has been highly popular, has proven commercially successful, and has obtained and enjoys a valuable reputation and goodwill by virtue of the high quality, unique design and distinctive configuration associated with Plaintiff's ARCH. SALVAGE™ Collection. As a result, the consuming public and the furniture trade have come to recognize and do recognize Plaintiff as the source for Plaintiff's ARCH. SALVAGE™ Collection.

15. Plaintiff's ARCH. SALVAGE™ Collection has received numerous accolades and positive references in the relevant press, including multiple articles published in Furniture Today and similar publications in the industry.

16. The distinctive design configuration and original sculptural works of Plaintiff's ARCH. SALVAGE™ Collection constitute a distinctive and identifiable look among purchasers.

17. Plaintiff has a commercial interest in protecting the valuable trade dress rights associated and copyrights associated with Plaintiff's ARCH. SALVAGE™ Collection.

18. The distinctive design configuration and original sculptural works associated with Plaintiff's ARCH. SALVAGE™ Collection are solely decorative and ornamental, and are non-functional in that each of the design elements serves no functional purpose.

19. Upon information and belief, as a result of Plaintiff's use, considerable sales, marketing, advertising and promotional efforts, and other activities relating to the Plaintiff's ARCH. SALVAGE™ Collection, together with the inherent distinctiveness of Plaintiff's ARCH. SALVAGE™ Collection, Plaintiff's ARCH. SALVAGE Collection has developed secondary

meaning and favorable public recognition among relevant purchasers of furniture and specifically traditional case goods.

20. Plaintiff has expended considerable sums and incurred substantial costs to advertise, promote and market its products in connection with the ARCH. SALVAGE™ Collection. Advertisements and marketing promoting Plaintiff's ARCH. SALVAGE Collection have been widely and consistently published throughout the industry and to the consuming public.

21. Sales of Plaintiff's ARCH. SALVAGE™ Collection have been substantial and continue to accrue and increase, and Plaintiff's ARCH. SALVAGE™ Collection continues to generate positive interest and sales at High Point Furniture Market and other industry trade shows.

22. Plaintiff derives substantial commercial goodwill, common law rights, and proprietary value from its exclusive sale of the ARCH. SALVAGE™ Collection.

B. **PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS ARISING FROM PLAINTIFF'S ARCH. SALVAGE™ COLLECTION**

23. Plaintiff has established significant intellectual property rights arising from Plaintiff's proprietary interests in and ownership of the ARCH. SALVAGE Collection design, including patent, copyright, and trade dress rights under United States and local laws.

24. Plaintiff has applied for numerous design patents associated with the novel and ornamental design elements of the ARCH. SALVAGE Collection, and these design patents have issued or the applications or continuations remain pending. Plaintiff expects to amend its complaint to assert infringement of one or more design patents upon issuance of the implicated patent(s).

6

25. Plaintiff's ornamental three-dimensional sculptural works which adorn the ARCH. SALVAGE™ Collection are original works of authorship protected by the United States Copyright Act, 17 U.S.C. § 101, *et seq*.

26. On September 25, 2018, Plaintiff submitted to the United States Copyright Office a complete application (including payment of the fee required under 17 U.S.C. § 708 and submission of a deposit copy required under 17 U.S.C. § 408), Ser. No. 1-6984651617, for the registration of the copyright interest associated with the ARCH. SALVAGE™ Collection. The claimed copyright interest includes the original three-dimensional sculptural works of art which are applied to the frames of the ARCH. SALVAGE™ Collection. Plaintiff's copyright rights include such original designs as well as original compilations and arrangements of both original and public domain designs, including without limitation combination of intricate shapes in combination with shaped drawer fronts, molding elements, hardware, sculptural feet and edge treatments, and similar designs as shown in the photographs and on the furniture on which such designs are placed, and the selection, arrangement and placement of such designs. The copyrightable works are physically and conceptually separable from the furniture on which the designs are placed.

27. Plaintiff is the owner of the federal copyright interest in the ornamental sculptural aspects of the ARCH. SALVAGE™ Collection as shown in the application for Copyright Registration Ser. No. and is entitled to all rights afforded under 17 U.S.C. § 101, *et seq*.

28. On September 25, 2018, Plaintiff submitted to the United States Copyright Office a complete application (including payment of the fee required under 17 U.S.C. § 708 and submission of a deposit copy required under 17 U.S.C. § 408), Ser. No. 1-6984551481, for the registration of the copyright interest associated with the *Wren* artwork design applied as

decorative treatment to furniture of the ARCH. SALVAGE™ Collection. The claimed copyright interest includes the original visual works of art, which is used by Plaintiff as a distinctive accent treatment on many pieces of the ARCH. SALVAGE™ Collection. The copyrightable works are physically and conceptually separable from the furniture on which the designs are placed.

29. Plaintiff is the owner of the federal copyright interest in the *Wren* artwork designs applied as decorative treatment to furniture of the ARCH. SALVAGE™ Collection as shown in the application for Copyright Registration Ser. No. 1-6984551481 and is entitled to all rights afforded under 17 U.S.C. § 101, *et seq*.

30. Plaintiff's trade dress associated with Plaintiff's B481 Collection is characterized by the overall appearance of the items within the Collection. Plaintiff makes distinctive use of original artistic works, such as Plaintiff's scrollwork design, and arranges and places such design elements in a distinctive manner to create a consumer association with Plaintiff and the ARCH. SALVAGE™ Collection. The compilation of decorative scrollwork, drawer configuration, and sculptural elements, and the arrangement, placement and presentation thereof, are significant design elements that characterizes Plaintiff's trade dress (the "ARCH. SALVAGE™ Trade Dress").

31. Plaintiff's ARCH. SALVAGE™ Trade Dress is ornamental and has no functional aspects.

32. Plaintiff's ARCH. SALVAGE™ Trade Dress is unique and stands apart from competitors' products.

33. As a result of Plaintiff's efforts to promote its ARCH. SALVAGE™ Collection, the ARCH. SALVAGE™ Trade Dress has acquired in the minds of the public a secondary meaning, and has become a distinctive mark denoting identification with Plaintiff.

34. As a further result of Plaintiffs' efforts, Plaintiff's ARCH. SALVAGE™ Trade Dress is recognized as being associated exclusively with the products marketed by Plaintiff.

35. As a result of the foregoing, Plaintiff has established trade dress rights in the distinctive design configuration of the ARCH. SALVAGE™ Collection, including rights protected from copying, infringement and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

36. Plaintiff is the exclusive owner of all copyright, design patent and trade dress rights in and to the ARCH. SALVAGE™ Collection.

37. The collective copyright, design patent and trade dress rights associated with the ornamental three-dimensional sculptural works and distinctive design configuration of Plaintiff's ARCH. SALVAGE™ Collection, including the ARCH. SALVAGE Trade Dress and the ARCH. SALVAGE copyrighted designs, are referred to herein as the "ARCH. SALVAGE IP."

C. DEFENDANT'S INFRINGING ACTIVITIES AND UNLAWFUL CONDUCT

38. Upon information and belief, Defendant has been and/or is currently manufacturing, importing, distributing, offering for sale, and/or selling furniture products throughout the United States, including at least what is identified as Defendant's *Havencrest* Collection, Group 3526, which adopts and infringes Plaintiff's copyright, design patent and trade dress rights as embodied in Plaintiff's ARCH. SALVAGE™ Collection and Plaintiff's ARCH. SALVAGE IP (hereinafter the "Infringing Products").

39. Upon information and belief, a photograph of Defendant's Infringing Products, as advertised and sold in North Carolina, is set forth herein:

9

Case 1:18-cv-00865-WO-JLW   Document 1   Filed 10/11/18   Page 9 of 18



40. Upon information and belief, Defendant has advertised, offered for sale and sold the Infringing Products in a manner that is confusingly similar to Plaintiff's ARCH. SALVAGE™ Collection, with full knowledge of Plaintiff's intellectual property rights in Plaintiff's ARCH. SALVAGE™ Collection and with the intention of trading on Plaintiff's goodwill associated with the Plaintiff's ARCH. SALVAGE™ Collection.

41. Upon information and belief, Defendant are currently distributing and selling the Infringing Products using the copyrighted elements and protected trade dress of Plaintiff's ARCH. SALVAGE Collection and specifically Plaintiff's ARCH. SALVAGE IP. Defendant is using their customer's retail stores, showrooms, and warehouses in their efforts to distribute and sell the Infringing Products.

42. Defendant's Infringing Products bear a striking resemblance to Plaintiff's ARCH. SALVAGE™ Collection, and specifically have copied numerous design elements from Plaintiff's ARCH. SALVAGE™ Collection as set forth herein.

10

43. The Infringing Products contain ornamental sculptural works and arrangements and placements of sculptural carvings and ornamentation which are substantially similar to Plaintiff's ARCH. SALVAGE copyrighted design.

44. The selection, placement, arrangement and presentation of ornamental design elements in the Infringing Products is confusingly similar to the appearance created by Plaintiff's ARCH. SALVAGE Trade Dress.

45. Defendant's unauthorized and unlawful use of Plaintiff's ARCH. SALVAGE IP in connection with the Infringing Products is likely to cause confusion and to deceive the consuming public as to the source, origin, and/or sponsorship of the Infringing Products offered by Defendant. Defendant's actions are further likely to mislead the consuming public into believing that the Infringing Products offered by Defendant originated from Plaintiff or that there is some connection between Plaintiff and Defendant, thereby causing Plaintiff irreparable harm.

46. Upon information and belief, at all relevant times, Defendant had access to Plaintiff's ARCH. SALVAGE™ Collection and knowledge of Plaintiff's ownership and use of the ARCH. SALVAGE IP and of the fact that consumers widely recognize Plaintiff as the source for furniture items featuring Plaintiff's ARCH. SALVAGE IP.

47. Upon information and belief, Defendant willfully and knowingly violated and infringed Plaintiff's trade dress rights in Plaintiff's ARCH. SALVAGE IP with the intention of deceiving and misleading customers, and Defendant has wrongfully traded on Plaintiff's goodwill and reputation.

48. Upon information and belief, Defendant's use of Plaintiff's ARCH. SALVAGE IP in connection with their Infringing Products is not done for any functional purpose, including for aesthetic functionality. Upon information and belief, the sole purpose of Defendant's use of

Plaintiff's ARCH. SALVAGE IP is to make a distinctive impression on consumers and to trade on the goodwill established by Plaintiff's ARCH. SALVAGE IP and Plaintiff's ARCH. SALVAGE Collection.

49. The overall impression of Defendant's Infringing Products is substantially and confusingly similar to the unique and distinctive implementation of Plaintiff's ARCH. SALVAGE IP used on Plaintiff's own furniture collection.

50. Upon information and belief, Defendant purposefully and intentionally designed their Infringing Products to be substantially and confusingly similar to Plaintiff's ARCH. SALVAGE IP and Plaintiff's ARCH. SALVAGE Collection.

51. Upon information and belief, at all times relevant to Plaintiff's claims, Defendant had access to Plaintiff's ARCH. SALVAGE IP and Plaintiff's ARCH. SALVAGE Collection at least by virtue of the display of Plaintiff's ARCH. SALVAGE IP and Plaintiff's ARCH. SALVAGE Collection on Plaintiff's website, at retailers, and at trade shows, as well as reported in the industry media.

52. Upon information and belief, Defendant has unlawfully manufactured, imported, distributed, offered for sale, and/or sold the Infringing Products, which are substantially and confusingly similar to Plaintiff's ARCH. SALVAGE IP and Plaintiff's ARCH. SALVAGE Collection.

53. Upon information and belief, Defendant's Infringing Products have caused and are causing actual confusion among relevant consumers concerning the source, sponsorship, approval or certification of the Infringing Products by leading consumers to believe that the Infringing Products are Plaintiff's furniture products or are otherwise sponsored or endorsed by Plaintiff, as a result of Defendant's use of Plaintiff's ARCH. SALVAGE IP.

54. Upon information and belief, the offering for sale and sale of Defendant's Infringing Products causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendant's Infringing Products; causes a likelihood of confusion or misunderstanding as to affiliation, connection or association of the Infringing Products with Plaintiff; and misrepresents that Defendant's Infringing Products have sponsorship by, approval of, or qualities of Plaintiff's ARCH. SALVAGE Collection that they do not have.

55. Upon information and belief, Defendant's Infringing Products are an intentional copy of Plaintiff's ARCH. SALVAGE IP and Plaintiff's ARCH. SALVAGE Collection.

56. Upon information and belief, Defendant is selling and offering for sale the Infringing Products bearing confusingly similar designs and trade dress in order to trade and capitalize on the goodwill generated by Plaintiff's extensive use of Plaintiff's ARCH. SALVAGE IP as well as the goodwill generated by Plaintiff's sales, advertising, and consumer acceptance and recognition of Plaintiff's ARCH. SALVAGE Collection.

57. Defendant's Infringing Products contain ornamentation and decorative elements which are a direct copy of or are substantially similar to copyrighted elements of Plaintiff's ARCH. SALVAGE Collection.

58. Defendant has committed the acts alleged above without any type of license or permission from Plaintiff.

59. Plaintiff has suffered actual monetary damages as a result of Defendant's conduct and actions as described herein.

60. Defendant's conduct and practices have also caused, and will continue to cause, irreparable harm for which there is no adequate remedy at law and for which Plaintiff is entitled to injunctive relief and damages.

61. Defendant's conduct and practices continue to deprive the public of a truthful marketplace and injure the goodwill and business reputation associated with Plaintiff's ARCH. SALVAGE™ Collection.

## COUNT I
### COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

62. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

63. Plaintiff is the owner of all right, title and interest in and to the copyright for Plaintiff's *Arch. Salvage* artwork applied to furniture of the ARCH. SALVAGE™ Collection, as shown in the Application for United States Copyright Registration, Ser. No. 1-6984651617.

64. Plaintiff is the owner of all right, title and interest in and to the copyright for Plaintiff's *Wren* artwork applied to furniture of the ARCH. SALVAGE™ Collection, as shown in the Application for United States Copyright Registration, Ser. No. 1-6984551481.

65. In offering their furniture in connection with a copy or substantially similar rendition of the ornamental sculptural elements and the selection, placement and arrangement thereof, of Plaintiff's ARCH. SALVAGE™ Collection, Defendant has infringed and continues to infringe Plaintiff's copyright, as shown in federal copyright application Ser. No. 1-6984651617. Upon information and belief, Defendant has had access to and has copied or otherwise imitated the original and artistic sculptural elements of Plaintiff's ARCH. SALVAGE™ Collection in a manner that is substantially similar to Plaintiff's copyrighted work.

66. In offering their furniture in connection with a copy or substantially similar rendition of the original and ornamental design of Plaintiff's *Wren* artwork, Defendant has infringed and continues to infringe Plaintiff's copyright, as shown in federal copyright application Ser. No. 1-6984551481. Upon information and belief, Defendant has had access to

and has copied or otherwise imitated the original and artistic sculptural elements of Plaintiff's *Wren* artwork in a manner that is substantially similar to Plaintiff's copyrighted work.

67. Defendant's actions involve goods offered in commerce, and have and will adversely affect Plaintiff's interstate business operations.

68. Defendant's actions as set forth above constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

69. As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial.

70. Defendant's foregoing unlawful actions were knowing, willful and intentional, and were done with knowledge of and reckless disregard for Plaintiff's rights, so as to justify an award of enhanced damages.

## COUNT II
### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))

71. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

72. In offering their furniture in connection with a colorable imitation or copy of Plaintiff's ARCH. SALVAGE Collection in interstate commerce, using or imitating Plaintiff's ARCH. SALVAGE Trade Dress, Defendant has used in connection with their goods a false designation of origin, or a false or misleading description or representation of fact, that is likely to cause confusion, to cause mistake, or to deceive others to believe that the goods offered by Defendant are made by, sponsored by, approved by, originate with, or are affiliated with Plaintiff.

73. Defendant's actions involve goods offered in commerce, and have and will adversely affect Plaintiff's interstate business operations.

15

74. Defendant's actions as set forth above constitute unfair competition, false designation of origin, and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75. As a direct and proximate result of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial.

76. Defendant's foregoing unlawful actions were knowing, willful and intentional, and were done with knowledge of and reckless disregard for Plaintiff's rights, so as to justify an award of enhanced damages and attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiff A.R.T. Furniture, Inc. hereby demands a trial by jury on all claims that may be tried before a jury.

## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff respectfully requests:

A. A judgment that:

  i. Defendant has engaged in copyright infringement in violation of 17 U.S.C. § 501;

  ii. Defendant has each engaged in unfair competition and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

  iii. Defendant's actions were willful, intentional and knowing.

B. The issuance of an injunction enjoining Defendant, any of their respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors, and assigns, and all persons acting in concert or

participation with any of them, and any entity owned or controlled by Defendant, who receives actual notice of the order by personal service or otherwise, from:

  i. using Plaintiff's ARCH. SALVAGE IP or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of the distinctive and copyrighted design elements of Plaintiff's ARCH. SALVAGE™ Collection in connection with furniture products or related services, or in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination, or distribution of any furniture products;

  ii. using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act which can or is likely to lead members of the consuming public or trade to believe that any Defendant are associated with Plaintiff or that any product imported, manufactured, distributed, or sold by any Defendant are in any manner associated or connected with Plaintiff, or is authorized, licensed, sponsored, or otherwise approved by Plaintiff; and

  iii. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) and (ii) above or taking any action that contributes to any of the activities referred to in subparagraphs (i) and (ii) above, or any other activity that consists of or contributes to the sale of infringing diluting products bearing Plaintiff's ARCH. SALVAGE IP or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of Plaintiff's ARCH. SALVAGE™ Collection.

C. That Defendant be ordered to account for and pay to Plaintiff the amounts realized from Defendant's infringement of Plaintiff's ARCH. SALVAGE IP and copying of Plaintiff's ARCH. SALVAGE™ Collection and from Defendant's unfair competition with Plaintiff.

D. That Defendant be ordered to pay enhanced damages, as well as Plaintiff's attorneys' fees and expenses.

E. That Plaintiff be awarded its costs and expenses in bringing this action.

F. That Plaintiff be awarded interest, including pre-judgment interest, on the foregoing sums.

G. Other and further relief as the Court may deem just and proper.

This the 11th day of October, 2018.

Respectfully submitted,

By: /s/ Charles A. Burke
Charles A. Burke, Esq. (NC Bar No. 19366)
Stephen F. Shaw, Esq. (NC Bar No. 41582)
WOMBLE BOND DICKINSON (US) LLP
300 North Greene Street, Suite 1900
Greensboro, North Carolina 27401
Telephone: 336-574-8052
Facsimile: 336-574-4521
Charles.Burke@wbd-us.com
Stephen.Shaw@wbd-us.com

**ATTORNEYS FOR A.R.T. FURNITURE, INC.**